```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

PAULINO M. CARNATE,              )   CIV. NO. 19-00178 HG-RT
                                 )
           Plaintiff,            )
                                 )
     vs.                         )
                                 )
HILTON RESORTS CORPORATION dba   )
HILTON GRAND VACATIONS COMPANY,  )
LLC,                             )
                                 )
           Defendant.            )
                                 )
_____  )
```

**ORDER GRANTING DEFENDANT HILTON RESORTS CORPORATION'S MOTION TO DISMISS COUNT III (PRETEXT) (ECF No. 16)**

Plaintiff Paulino M. Carnate filed a First Amended Complaint against his former employer Hilton Resorts Corporation, doing business as Hilton Grand Vacations Company, LLC.

Plaintiff alleges claims of hostile work environment and employment discrimination pursuant to Hawaii state law on the basis of his age, ancestry, and national origin.

Plaintiff styles the causes of action in his Complaint as:

Count I (Discrimination: Ancestry and national origin)

Count II (Hostile Work Environment)

Count III (Pre-text).

Defendant Hilton Resorts Corporation seeks to dismiss Count III on the basis that there is no stand-alone cause of action for pretext. Defendant explains that pretext is part of the <u>McDonnell Douglas</u> shifting burdens analysis for employment

1

discrimination causes of action.

Defendant also moves to strike Plaintiff's allegations in the First Amended Complaint and Plaintiff's pleadings that allege Defendant's representatives violated the Hawaii Penal Code. Defendant also moves for sanctions.

Defendant Hilton Resorts Corporation's Motion to Dismiss Count III (Pretext) (ECF No. 16) is **GRANTED**.

The Court **STRIKES** Paragraph 78(i) in the First Amended Complaint (ECF No. 8).

The Court declines to impose sanctions at this time.

## **PROCEDURAL HISTORY**

On March 13, 2019, Plaintiff filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii. (ECF No. 1-1).

On April 8, 2019, Defendant filed a NOTICE OF REMOVAL in United States District Court for the District of Hawaii. (ECF No. 1).

On April 29, 2019, Plaintiff filed a FIRST AMENDED COMPLAINT. (ECF No. 8).

On May 22, 2019, Defendant filed DEFENDANT HILTON RESORTS CORPORATION'S MOTION TO DISMISS COUNTS III (PRETEXT). (ECF No. 16).

On May 29, 2019, the Court set a briefing schedule and set June 13, 2019 as the deadline for Plaintiff to file his

Opposition.  (ECF No. 20).

On May 31, 2019, Plaintiff filed a Request to Reschedule The Hearing.  (ECF No. 21).

On June 5, 2019, the Court granted Plaintiff's Request to Reschedule The Hearing.  (ECF No. 22).

On June 20, 2019, Defendant filed a Reply.  (ECF No. 23).

On the same date, the Court issued a Minute Order continuing the briefing schedule to allow Plaintiff additional time to file an Opposition to Defendant's Motion to Dismiss.  (ECF No. 24).

On June 24, 2019, Plaintiff file his Opposition to the Motion to Dismiss.  (ECF No. 25).

On June 28, 2019, Defendant filed a REPLY to Plaintiff's Opposition to its Motion to Dismiss Count III (Pretext).  (ECF No. 29).

On July 2, 2019, the Court issued a Minute Order setting the hearing on Defendant's Motion to Dismiss at the same time as the hearing on the Motion for Summary Judgment on Count I.  (ECF No. 30).

On September 9, 2019, the Court held a hearing on Defendant Hilton Resorts Corporation's Motion to Dismiss Count III (Pretext) and Defendant's Motion for Summary Judgment on Count I. (ECF No. 39).

## **BACKGROUND**

The First Amended Complaint alleges that Plaintiff is a 58-

year-old male, whose ancestry and national origin is Filipino. (First Amended Complaint ("FAC") at ¶¶ 11, 16, ECF No. 8).

Plaintiff claims that on March 7, 2006, he was hired by Defendant Hilton Resorts Corporation ("Hilton") as a landscaper. (Id. at ¶ 17). The FAC states that Defendant Hilton transferred Plaintiff to the position of Maintenance Technician in 2007. (Id.)

The FAC asserts that on March 26, 2018, Berg Builders, Inc. was performing construction at Defendant Hilton's property where Plaintiff worked. (Id. at ¶ 29). Plaintiff asserts that an employee of Berg Builders, Inc. asked him if he wanted "to take any scrap material (i.e., plywood) home otherwise the material would be disposed of." (Id.)

Plaintiff alleges that he asked his direct supervisor, Hiram Higashida, if he could take the wood home. (Id. at ¶ 33). According to the FAC, Mr. Higashida told Plaintiff that "he needed a written note or pass from management." (Id. at ¶ 34). Plaintiff alleges that he asked Mr. Higashida for written permission, but Mr. Higashida "told the Plaintiff that he needed to get a note or pass from the Defendant's Chief Engineer, Mr. Eduardo Andrews." (Id. at ¶ 37).

Plaintiff alleges that he did not receive permission from Mr. Andrews but "[b]ased on the Plaintiff's experience and Defendant's past practice, he decided to take a few pieces of the used, scrap construction plywood." (Id. at ¶ 41).

4

The FAC alleges that two days later, on March 28, 2019, Chief Engineer Andrews told Plaintiff he was suspended indefinitely and an investigation would be conducted regarding the wood Plaintiff took from the Defendant's property. (Id. at ¶ 43).

Plaintiff claims that on April 3, 2018, he was terminated by Defendant. (Id. at ¶ 45).

In Count III of the FAC, Plaintiff alleges he "was forced to resign and/or terminated for taking scrap plywood that was going to be taken away and disposed of by the contractor, Berg Builders, Inc." (Id. at ¶ 75). Plaintiff asserts that "Defendant's proffered motives were not the actual motives, because the Defendant's motives were inconsistent and/or otherwise not believable." (Id. at ¶ 76).

The FAC states that "other similarly situated individuals outside of his protected class were treated more favorably, or other circumstances surrounding the adverse employment action gave rise to an inference of discrimination." (Id. at ¶ 77).

## STANDARD OF REVIEW

A court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled

5

to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

**COUNT III:     Pretext**

Plaintiff's First Amended Complaint styles Count III as a

7

cause of action for "Pre-text."  (First Amended Complaint at p. 15, ECF No. 8).

Pretext is not a stand-alone cause of action.

Plaintiff's First Amended Complaint alleges that Plaintiff was discriminated against when he was terminated by Defendant Hilton for taking wood from its property without authorization.

Plaintiff seeks to pursue his discrimination cause of action pursuant to Hawaii State law.  Pursuant to Haw. Rev. Stat. § 378-2, a plaintiff has two avenues through which he may establish a prima facie case of employment discrimination.

First, he may establish discrimination through direct evidence, in which the plaintiff "must show by direct evidence that discriminatory factors motivated the adverse employment decision."  Shoppe v. Gucci Am., Inc., 14 P.3d 1049, 1059 (Haw. 2000).  Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption.  Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1094-95 (9th Cir. 2005).  Direct evidence typically consists of clearly racist or similarly discriminatory statements or actions by the employer.  Id. at 1095.

Second, a plaintiff may attempt to prove individual disparate treatment by adducing circumstantial evidence of discrimination.  Id.  The Hawaii Supreme Court utilizes a modified version of the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) when

circumstantial evidence of employer discrimination is at issue. Nozawa v. Operating Engineers Local Union No. 3, 418 P.3d 1187, 1198-99 (Haw. 2018).

There are three steps in the burden-shifting test to establish disparate treatment.

**STEP ONE:**

In the first step, Plaintiff must establish:

(1) that he is a member of a protected class;

(2) that he is qualified for the position from which he has been discharged;

(3) that he has suffered an adverse employment action; and,

(4) that the position still exists.

Adams v. CDM Media USA, Inc., 346 P.3d 70, 82 (Haw. 2015).

**STEP TWO:**

If the plaintiff establishes the first step, in the second step, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Adams, 346 P.3d at 82.

**STEP THREE:**

In the third step, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were pretextual. Id. at 83.

Pretext is not a separate cause of action as Plaintiff has attempted to assert in his First Amended Complaint. Rather, Plaintiff Carnate's allegations in Count III merely provide the basis as to why he believes Defendant Hilton's proffered reason

9

for terminating him was a pretext for discrimination.  Such allegations are relevant for the third step in the burden-shifting framework to establish disparate treatment, but they do not provide a cause of action by which Plaintiff may proceed to trial.

A plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Hac v. Univ. of Haw., 73 P.3d 46, 54 n.15 (Haw. 2003) (quoting Shoppe, 14 P.3d at 1060)).

Plaintiff's First Amended Complaint asserts a number of allegations to support his claim that the Defendant's proffered reason for terminating Plaintiff is unworthy of credence.  The allegations are relevant for his discrimination cause of action asserted in Count I of the First Amended Complaint, but they do not provide Plaintiff with a separate cause of action.

Defendant's Motion to Dismiss Count III (Pretext) (ECF No. 16) is **GRANTED.**

**Defendant's Request To Strike Pleadings**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are not favored by courts in the absence of prejudice.  Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553 (D. Haw. 1998).

In Defendant's June 28, 2019 Reply as to its Motion to Dismiss Count III (ECF No. 29), Defendant seeks to strike Paragraph 78(i).  The First Amended Complaint at Paragraph 78(i) provides:

> Defendant's representatives committed a violation of Sec. 710-1063(1)(a) and (b), HRS, because of their intentional, fraudulent misrepresentations, about the Plaintiff as listed above, in order to influence the decision making of representatives of the Hawaii Civil Rights Commission, who were public servants in the performance of the public servant's duty, to favor the Defendant.

(First Amended Complaint at p. 18, ECF No. 8).

Defendant seeks to strike Plaintiff's allegations that Defendant's representatives violated Hawaii criminal statutes.  The Court strikes Paragraph 78(i) from the First Amended Complaint.  The pleading is an inappropriate and unnecessary inclusion of alleged criminal charges that are not actionable by the Plaintiff.

Defendant also seeks to strike pages 18-20 from the Plaintiff's Opposition to its Motion to Dismiss (ECF No. 25) where there is a discussion of the allegation in Paragraph 78(i).  The Court declines to strike the pages in Plaintiff's Opposition as they will not be presented to the jury and are irrelevant given the Court's striking of Paragraph 78(i) itself.  See Wailua Ass'n, 183 F.R.D. at 553 (D. Haw. 1998) (explaining that the rationale behind granting a motion to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter).

11

Paragraph 78(i) in the First Amended Complaint (ECF No. 8) is **STRICKEN**.

**<u>Defendant's Request For Sanctions</u>**

Federal Rule of Civil Procedure 11 provides for sanctions "when a filing is frivolous, legally unreasonably, or without factual foundation, or is brought for an improper purpose." <u>Estate of Blue v. Cty of Los Angeles</u>, 120 F.3d 982, 985 (9th Cir. 1997). Defendant did not follow the procedures to impose sanctions pursuant to Fed. R. Civ. P. 11. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(b)(2).

A court may also impose sanctions under its inherent power for conduct taken in bad faith. <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1134 (9th Cir. 2001). The bad faith requirement is a "high threshold." <u>Mendez v. County of San Bernadino</u>, 540 F.3d 1109, 1132 (9th Cir. 2008).

The Court declines to impose sanctions pursuant to its inherent power or Rule 11. The Court agrees that the statements directed at "Defendant's representatives" in paragraph 78(i) and citations to the Hawaii Penal Code are inaccurate, irrelevant, and unnecessary, but it does not find that sanctions are warranted.

Both Parties are reminded that they are required to observe the standards of professional and ethical conduct required of

members of the Hawaii State Bar. Inflammatory accusation are misplaced in a reasoned legal argument. District of Hawaii Local Rule 83.3.

## CONCLUSION

Defendant Hilton Resorts Corporation's Motion to Dismiss Count III (Pretext) (ECF No. 16) is **GRANTED**. It has no effect on Count I in the First Amended Complaint.

The Court **STRIKES** Paragraph 78(i) in the First Amended Complaint (ECF No. 8).

The Court declines to impose sanctions at this time.

IT IS SO ORDERED.

DATED: November 13, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge