IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAULINO M. CARNATE, | ) | CIV. NO. 19-00178 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HILTON RESORTS CORPORATION dba | ) | |
| HILTON GRAND VACATIONS COMPANY, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT HILTON RESORTS CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON COUNT I (ECF No. 26)**

Plaintiff Paulino M. Carnate filed a First Amended Complaint against his former employer Hilton Resorts Corporation, doing business as Hilton Grand Vacations Company, LLC.

Plaintiff alleges claims of hostile work environment and employment discrimination on the basis of his age, ancestry, and national origin pursuant to Hawaii state law.

Plaintiff styles the causes of action in his Complaint as:

Count I (Discrimination: Ancestry and national origin)

Count II (Hostile Work Environment)

Count III (Pre-text).

Defendant seeks summary judgment as to Plaintiff's discrimination cause of action alleged in Count I pursuant to Hawaii Revised Statutes 378-2. Defendant argues that Plaintiff cannot establish a prima facie case of discrimination because

1

Defendant provided a legitimate, nondiscriminatory reason for Plaintiff's termination. Specifically, Defendant proffered that Plaintiff was terminated because he removed property from Defendant's Resort without authorization.

There are genuine issues of material fact as to Defendant's proffered reason for terminating Plaintiff.

Defendant Hilton Resorts Corporation's Motion for Summary Judgment on Count I (ECF No. 26) is **DENIED**.

## PROCEDURAL HISTORY

On March 13, 2019, Plaintiff filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii. (ECF No. 1-1).

On April 8, 2019, Defendant filed a NOTICE OF REMOVAL in United States District Court for the District of Hawaii. (ECF No. 1).

On April 29, 2019, Plaintiff filed a FIRST AMENDED COMPLAINT. (ECF No. 8).

On May 22, 2019, Defendant filed DEFENDANT HILTON RESORTS CORPORATION'S MOTION TO DISMISS COUNTS III (PRETEXT). (ECF No. 16).

On June 26, 2019, Defendant filed DEFENDANT HILTON RESORTS CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON COUNT I. (ECF No. 26).

On the same date, Defendant filed its CONCISE STATEMENT OF

FACTS IN SUPPORT OF DEFENDANT HILTON RESORT'S MOTION FOR SUMMARY JUDGMENT ON COUNT I. (ECF No. 27).

Defendant also filed an ERRATA to its CONCISE STATEMENT. (ECF No. 28).

On July 2, 2019, the Court issued a Minute Order setting the briefing schedule on Defendant's Motion for Summary Judgment and setting the hearing on Defendant's Motion to Dismiss at the same time as the hearing on the Motion for Summary Judgment on Count I. (ECF No. 30).

On July 26, 2019, Plaintiff filed his Opposition and Concise Statement in Opposition to Defendant's Motion for Summary Judgment on Count I. (ECF Nos. 31, 32).

On July 31, 2019, the Court issued a Minute Order striking Plaintiff's Opposition and Concise Statement in Opposition to Defendant's Motion for Summary Judgment on Count I for failure to comply with the Local Rules. (ECF No. 33). The Court granted Plaintiff additional time to file an Opposition and Concise Statement in Opposition in conformity with the Rules. (Id.)

On August 7, 2019, Plaintiff filed his SECOND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT I. (ECF No. 34).

On the same date, Plaintiff filed his SECOND CONCISE STATEMENT IN OPPOSITION. (ECF No. 35).

On August 15, 2019, Defendant filed its REPLY to Plaintiff's Opposition to Defendant's Motion for Summary Judgment on Count I.

(ECF No. 38).

On September 9, 2019, the Court held a hearing on Defendant's Motion to Dismiss Count III (Pretext) and Defendant's Motion for Summary Judgment on Count I. (ECF No. 39).

**BACKGROUND**

**Undisputed Facts:**

Plaintiff is a 58 year-old male of Filipino ancestry. (Plaintiff Paulino Carnate's Declaration ("Pla. Decl.") at ¶¶ 5, 10, attached to Pla.'s Concise Statement of Facts ("CSF"), ECF NO. 35-1).

On March 7, 2006, Plaintiff was hired as a landscaper at the Defendant Hilton Resorts Corporation dba Hilton Grand Vacations Company, LLC at its Hilton Waikoloa Resort located on the Big Island of Hawaii ("Resort"). (Pla. Decl. at ¶ 12, ECF No. 35-1).

In 2007, Plaintiff began working for Defendant in the position of a Maintenance Technician I. (Id.)

Defendant has a written policy governing the removal of items from its Resort by its employees, which is called its "Parcel Pass Policy." (Declaration or Ciera Pope, Team Member Relations Manager, ("Pope Decl.") at ¶¶ 8-12, attached to Def.'s CSF, ECF No. 27-1). The Parcel Pass Policy requires employees to obtain written permission in the form of a 3-part parcel pass from their manager before taking any items from the Resort. (Hilton Grand Vacations Waikoloa Parcel Pass Policy, attached as Ex. 1 to Def.'s CSF, ECF No. 27-2). Plaintiff Carnate claims he

4

was not aware of the Parcel Pass Policy.

On March 26, 2018, Berg Builders was engaged in a construction project at Defendant's Resort where Plaintiff was employed. There is no dispute that on March 26, 2018, Plaintiff took wood being removed in the construction project, placed it in his own truck, and removed it from the Defendant's Resort. (Pope Decl. at ¶ 19, ECF No. 27-1; Photographs from Defendant's Security Camera of Plaintiff's Truck, attached as Ex. 2 to Def.'s CSF, ECF No. 27-3). Plaintiff admits that he took "a few pieces of the used, scrap wood and put them in the back of [his] truck." (Pla.'s Decl. at ¶ 41, ECF No. 35-1).

The Parties dispute whether the wood was Mahogany or plywood. (Pla. CSF at ¶ 14, ECF No. 35; Def.'s CSF at ¶ 14, ECF No. 27).

On March 28, 2019, Plaintiff was suspended indefinitely. (Pla.'s Decl. at ¶ 52, ECF No. 35-1).

On April 3, 2019, Plaintiff was terminated. (Id. at ¶ 59).

**Defendant's Position:**

Defendant states that it has "zero tolerance" for theft of company property. (Pope Decl. at ¶ 8, ECF No. 27-1).

On March 26, 2018, Dan Berg, the owner of Berg Builders, was working on a construction project at the Defendant's property. (Declaration of Dan Berg, Owner of Berg Builders, ("Berg Decl."), at ¶ 9, attached to Def.'s Errata, ECF No. 28-1). Berg states that his company was removing the interior woodwork of a unit at

5

the Resort that consisted primarily of high-grade, high-value, Mahogany. (Id.) Berg claims that Plaintiff approached him and asked if he could take some of the Mahogany home. (Id.) Berg states that he informed Plaintiff "no" and that Plaintiff would need written permission from Chief Engineer Andrews in order to remove any property from the Resort. (Id.)

Berg states that, "[i]mmediately after speaking with Mr. Carnate, I called the Chief Engineer-Eduardo Andrews-to inform him that I had rebuffed Mr. Carnate's request to take the Mahogany and that I had instructed Mr. Carnate to speak with Mr. Andrews if he wished to obtain a written pass that would enable him to take the Mahogany." (Id. at ¶ 11).

Plaintiff's supervisor Hiram Higashida also claims that Plaintiff Carnate asked him if he could take home some of the wood that was being removed from a unit during remodeling. (Declaration of Hiram Higashida at ¶ 7, attached to Def.'s CSF, ECF No. 27-12). Higashida told Plaintiff that he "might be able to take the wood home if he was able to obtain a Parcel Pass from the Chief Engineer, Eduardo Andrews." (Id. at ¶ 8).

Chief Engineer Andrews stated that upon finishing the call with Mr. Berg, he drove down to the area where the construction activity took place to speak to Plaintiff. (Declaration of Hilton's Chief Engineer Eduardo Andrews ("Andrews Decl.") at ¶ 9, ECF No. 27-10). Chief Engineer Andrews "reminded Mr. Carnate of Hilton's strict policy of no-tolerance of theft and made clear

6

that if he wanted to remove any property from the Resort that he would need to fill out a Parcel Pass application and submit it to me for authorization." (Id.) Chief Engineer Andrews states that "Mr. Carnate indicated that he understood my warnings and the need to apply for a Parcel Pass if he wanted to remove any property from the Resort. Nevertheless, Mr. Carnate did not submit an application for a Parcel Pass, and, accordingly, no Parcel Pass for Mr. Carnate was ever approved." (Id. at ¶ 10).

Later that afternoon, Berg construction worker Adam Smith noticed Mahogany missing from the back of a construction truck into which it had been placed. (Declaration of Adam Smith ("Smith Decl.") at ¶¶ 4-5, attached to Def.'s CSF, ECF No. 27-13). The Defendant's security department was contacted and notified that someone had stolen the Mahogany from the construction truck. (Berg Decl. at ¶ 13, ECF No. 28-1).

The following day, on March 27, 2018, Chief Engineer Andrews was informed of the theft and reviewed security video of Plaintiff's truck leaving the property with the Mahogany. (Andrews Decl. at ¶¶ 11-13, ECF No. 27-10). Chief Engineer Andrews then interviewed Plaintiff about the theft of the property. (Id. at ¶ 14).

Chief Engineer Andrews claims that "[a]t first, Mr. Carnate denied any involvement in taking the construction materials out of the truck belonging to Berg Builders and removing those materials from the Resort. I then informed him that a security

7

video of the theft existed. At this point, Mr. Carnate admitted to taking the construction materials without a Parcel Pass, attempted to justify his theft by claiming that the material was just 'scrap' and 'trash,' and asked if he could unwind the situation by returning the stolen materials." (Id. at ¶ 14).

Defendant claims that Plaintiff approached Berg Builder's employee Adam Smith the next day, on March 28, 2018. Smith states Plaintiff "(1) admitted to me that he had stolen the Mahogany wood from the Berg Builders' truck, (2) stated that Hilton was investigating the theft, and (3) asked me to help him out by signing a note falsely stating that I had authorized him to take the Mahogany on March 26, 2018." (Smith Decl. at ¶ 7, ECF No. 27-13). Smith asserts that he refused to sign the note and did not wish to become involved in Carnate's attempt to create false evidence. (Id. at ¶ 8).

Defendant Hilton Resorts Corporation states that the "sole reasons for Mr. Carnate's termination were that he stole property from the Resort and then lied about it when initially interviewed. Thus, he was fired for being both a thief and a liar (which is a lack of integrity unacceptable to Hilton). Hilton considers theft and lying about theft to be ultimate forms of unsatisfactory employee job performance." (Pope Decl. at ¶ 18, ECF No. 27-1).

**Plaintiff's Position**:

Plaintiff's Complaint asserts that he was terminated on account of his age, ancestry, and national origin.

Plaintiff claims that he was not aware of the Parcel Pass Policy and that Defendant never informed him of the Parcel Pass Policy during his employment. (Pla.'s Decl. at ¶ 27, ECF No. 35-1).

Plaintiff alleges that on March 26, 2018, Berg Buildings, Inc. was doing construction work on Defendant's property. (Pla.'s Decl. at ¶ 29, ECF No. 35-1). He claims that an employee of Berg Builders asked him if he wanted to take any scrap wood. (Id.)

Plaintiff states that he asked his supervisor, Hiram Higashida, if he could take scrap wood home. (Id. at ¶ 32). Plaintiff states that he was told he needed permission from Chief Engineer Andrews. (Id. at ¶ 33). Plaintiff claims that he searched for Chief Engineer Eduardo Andrews in order to obtain a note or pass to take the wood. (Id. at ¶¶ 36-37). Contrary to the Declaration of Eduardo Andrews (Andrews Decl. at ¶ 9, ECF No. 27-10), Plaintiff claims that he never spoke with Andrews on March 26, 2018. (Pla.'s Decl. at ¶ 37, ECF No. 35-1).

Plaintiff claims that other employees, including himself, had taken such items without written permission before and that he did not believe he needed written permission. (Id. at ¶¶ 38-40).

9

Plaintiff asserts that other employees had not been terminated for similar behavior, and he believes that he was terminated on account of his national origin and race and not because he took the wood without permission.

**STANDARDS OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That

burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir.

1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### COUNT I: Discrimination

In Count I of Plaintiff's First Amended Complaint, he alleges discrimination in violation of Haw. Rev. Stat. § 378-2(a)(1)(A), which prohibits the termination of an employee based on, among other things, age, race, color, and ancestry.

#### A. STEP ONE: Prima Facie Case

Pursuant to Haw. Rev. Stat. § 378-2, a plaintiff has two avenues through which he may establish a prima facie case of discrimination.

First, he may establish discrimination through direct evidence, in which the plaintiff "must show by direct evidence that discriminatory factors motivated the adverse employment decision." Shoppe v. Gucci Am., Inc., 14 P.3d 1049, 1059 (Haw. 2000). Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption. Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090,

12

1094-95 (9th Cir. 2005). Direct evidence typically consists of clearly racist or similarly discriminatory statements or actions by the employer. Id. at 1095.

Plaintiff has not provided any direct evidence of discriminatory animus on the basis of his age, race, color, or ancestry.

Second, a plaintiff may attempt to prove individual disparate treatment by adducing circumstantial evidence of discrimination. Id. The Hawaii Supreme Court utilizes a modified version of the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) when circumstantial evidence of employer discrimination is at issue. Nozawa v. Operating Engineers Local Union No. 3, 418 P.3d 1187, 1198-99 (Haw. 2018).

In the first step, Plaintiff must establish a prima facie case of discrimination by proving:

(1)  that he is a member of a protected class;

(2)  that he is qualified for the position from which he has been discharged;

(3)  that he has suffered an adverse employment action; and,

(4)  that the position still exists.

Adams v. CDM Media USA, Inc., 346 P.3d 70, 82 (Haw. 2015).

For purposes of Defendant Hilton Resorts Corporation's Motion, it assumes that Plaintiff is able to establish the first step of the burden-shifting framework.

If the plaintiff establishes the first step, the burden

shifts to the defendant in step two to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id.

### B. STEP TWO: Defendant Provided A Legitimate, Non-Discriminatory Reason For Terminating Plaintiff

Defendant argues that Plaintiff's discrimination claim fails because Defendant provided a legitimate, non-discriminatory reason for terminating the Plaintiff.

Defendant provided evidence that Plaintiff was terminated because he took property from the Defendant's Resort without authorization. (Declaration of Allyson Meldeau, Director of Team Member Relations for Hilton ("Meldeau Decl."), attached to Def.'s CSF, at ¶ 19, ECF No. 27-9). Specifically, Plaintiff took wood that was part of a construction project from the Defendant's property without obtaining authorization. Defendant states that the "sole reasons for Mr. Carnate's termination were that he stole property from the Resort and then lied about it when initially interviewed." (Pope Decl. at ¶ 18, ECF No. 27-1).

Defendant has provided a legitimate, nondiscriminatory reason for terminating Plaintiff. Courts have widely held that an employee's theft is a legitimate and nondiscriminatory reason for termination. Kocsis v. Delta Air Lines, Inc., 963 F.Supp.2d 1002, 1016 (D. Haw. 2013) (finding that plaintiff's suspected theft was a legitimate, nondiscriminatory reason for a flight attendant's termination); Rezentes v. Sears, Roebuck & Co., 729 F.Supp.2d 1197, 1205 (D. Haw. 2010) (finding that firing an

employee because of honesty and integrity concerns is a legitimate, nondiscriminatory basis for termination); Dokes v. Safeway, Inc., 2018 WL 1518562, *6 (E.D. Cal. Mar. 28, 2018) (finding that defendant offered legitimate, nondiscriminatory reason for terminating plaintiff for theft) (citing McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283 (1976) (finding participation in theft is a nondiscriminatory reason to find an employee unqualified for employment)); Washington v. City of Los Angeles, 2010 WL 11530622, *3 (C.D. Cal. July 30, 2010) (termination for theft was legitimate, nondiscriminatory reason).

### C. STEP THREE: There Are Genuine Issues Of Material Fact As To Whether Defendant's Proffered Reason For Termination Was A Pretext For Discrimination

In the third step, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were pretextual. Adams, 346 P.3d at 83. A plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Hac v. Univ. of Haw., 73 P.3d 46, 54 n.15 (Haw. 2003) (quoting Shoppe, 14 P.3d at 1060)).

To prevail on this theory, Plaintiff must produce sufficient evidence to show that there is a genuine issue of material fact regarding the truth of the employer's stated reason for firing him. Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115,

15

1127 (9th Cir. 2000). There are genuine disputes of material fact as to whether Plaintiff was terminated because he removed wood from the Hilton property without written authorization.

First, Plaintiff disputes that there was a written policy by Hilton that prohibited employees from removing items from the property without written authorization. Plaintiff claims that he was never given a copy of the Parcel Pass Policy and that he was never informed of the specific policy. (Pla.'s Decl. at ¶ 27, ECF No. 35-1). Plaintiff claims that, "[b]efore March 26, 2018, Hilton allowed employees to take scrap construction material home, based on verbal approval. Before March 26, 2018, I was aware that Hilton allowed employees to take other discarded items and material home, based on verbal approval". (Id. at ¶¶ 39-40).

Second, Plaintiff disputes Defendant's claim that he was specifically informed by Chief Engineer Andrews that written permission was required for him to remove the wood from the Resort. To the contrary, Plaintiff claims that he searched for Chief Engineer Andrews on March 26, 2018, but Plaintiff never spoke to him and instead relied on his knowledge that other employees were allowed to take items from the property without written authorization. (Pla.'s Decl. at ¶¶ 37-38, ECF No. 35-1).

Third, Plaintiff disputes that he admitted that he committed a theft to Berg Builders' employee Adam Smith on March 28, 2018. Contrary to Smith's Declaration (Smith Decl. at ¶ 7, ECF No. 27-13), Plaintiff claims, he never spoke to Smith on March 28, 2018.

16

Plaintiff specifically refutes Smith's claims and states, "I did not tell him that I had stolen anything from the Berg Builders Truck including the wood. I did not tell Mr. Adam Smith that the Hilton was investigating me for theft of the wood. I did not ask him for help by signing any note for me about the wood." (Pla.'s Decl. at ¶¶ 54-56, ECF No. 35-1).

At this stage, the Court must construe evidence in the light most favorable to the Plaintiff. A court cannot disregard a declaration at summary judgment solely based on its self-serving nature. Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015).

Disputes about material facts and credibility determinations must be resolved at trial, not on summary judgment. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 n.5 (9th Cir. 2004). Plaintiff's credibility and the credibility of Defendant's witnesses must be decided by the fact-finder at trial. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626 630 (9th Cir. 1987).

//
//
//
//
//
//
//

**CONCLUSION**

Defendant Hilton Resorts Corporation's Motion for Summary Judgment on Count I (ECF No. 26) is **DENIED**.

IT IS SO ORDERED.

DATED: November 13, 2019, Honolulu, Hawaii.



/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Paulino M. Carnate v. Hilton Resorts Corporation dba Hilton Grand Vacations Company, LLC, Civ. No. 19-00178 HG-RT; **ORDER DENYING DEFENDANT HILTON RESORTS CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON COUNT I (ECF No. 26)**

18